RECEIVED NOV 3 2016 — Anchorage Commissioner's Office, Dept. of Health & Social Services

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA AT ANCHORAGE

DISABILITY LAW CENTER OF ALASKA
AND R.S. AND J.S. MINORS, THROUGH
THEIR PARENT, KIKONO SAVO

    Plaintiff(s),

VS.

VALERIE DAVIDSON, In HER OFFICIAL CAP.
AS COMMISSIONER OF THE AK DEPT. OF
HEALTH AND SOCIAL SERVICES, AND STATE
OF ALASKA, DEPT. HEALTH AND
SOCIAL SERVICES,    Defendant(s).

CASE NO. 3AN-16-9803 CI

## SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT

To Defendant: VALERIE DAVIDSON

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) MARK REGAN, DLC & JAMES DAVIS, ALS, whose address is: DISABILITY LAW CENTER OF AK, 3330 ARCTIC BLVD., STE 103, ANCHORAGE, AK 99503 & AK LEGAL SERVICES, 1016 W 6th AVE., STE 200, ANCHORAGE, AK 99501

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at http://www.courts.alaska.gov/forms/index.htm to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

### NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

[X] This case has been assigned to Superior Court Judge Rindner and to a magistrate judge.

[ ] This case has been assigned to District Court Judge _____

10-1-16
Date

CLERK OF COURT

By: _____ Deputy Clerk

I certify that on 11-1-16 a copy of this Summons was [ ] mailed [X] given to
[ ] plaintiff [X] plaintiff's counsel along with a copy of the
[ ] Domestic Relations Procedural Order [ ] Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/13)(cs)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

Mark Regan
Joanna L. Cahoon
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, Alaska 99503
Phone: (907) 565-1002
mregan@dlcak.org
jcahoon@dlcak.org

James J. Davis, Jr.
Jonathan Fork
Alaska Legal Services Corporation
1016 W. 6th Ave., Ste. 200
Anchorage, AK 99501
Phone: 907-222-4524
jdavis@alsc-law.org
jfork@alsc-law.org

COPY
Original Received
NOV - 1 2016
Clerk of the Trial Courts

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| DISABILITY LAW CENTER OF ALASKA and R.S. and J.S., minors,, through their parent, KIKONO SAVO,<br><br>Plaintiffs,<br><br>v.<br><br>VALERIE DAVIDSON, in her official capacity as Commissioner of the Alaska Department of Health and Social Services, and STATE OF ALASKA, DEPARTMENT OF HEALTH AND SOCIAL SERVICES,<br><br>Defendants. | Case No. 3AN-16-9803 CI |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

*Disability Law Center, R.S., and J.S. v. Davidson*, Case No. 3AN-16-9803 CI
Complaint for Declaratory and Injunctive Relief

Page 1 of 11

Case 3:16-cv-00277-HRH   Document 1-1   Filed 12/05/16   Page 2 of 14

This is an action for declaratory and injunctive relief brought by the Disability Law Center, the state-approved protection and advocacy organization, and R.S. and J.S., minors, by and though their parent, Kikono Savo, against the State of Alaska, Alaska Department of Health and Social Services, and Valerie Davidson, in her official capacity as Commissioner, to require the Defendants to make Applied Behavior Analysis ("ABA") available to Alaska Medicaid recipients and provide notice regarding its availability. The federal Medicaid Act requires the State to provide this benefit as part of the Early and Periodic Screening, Diagnostic and Treatment ("EPSDT") program, requires the benefit to be provided with reasonable promptness, and requires the State to provide notice of the benefit to all families that might be eligible.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the claims asserted herein pursuant to AS 22.10.020(a).

2. Venue is proper under AS 22.10.030 and Civil Rule 3(c).

## PARTIES

3. The Disability Law Center of Alaska, Inc. is designated as the protection and advocacy ("P&A") system for the State of Alaska. P&A agencies are a nationwide network of disability rights agencies, which are mandated, under various interrelated federal statutory programs, to provide legal representation and other advocacy services on behalf of individuals with disabilities. Pursuant to 42 U.S.C. § 15041(a)(2), P&A agencies are authorized to "pursue legal, administrative, and other appropriate remedies or approaches to ensure the protection of, and advocacy for, the rights of such individuals within the State[.]" The Disability Law Center has been designated by the State of Alaska to receive federal funds for advocacy activities pursuant to the Developmental Disabilities Bill of Rights Act ("DD Act"), 42 U.S.C. §§ 15041 et

*seq.*, the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI") 42 U.S.C. § 10801 *et seq.*, and the Protection and Advocacy for Individual Rights Act ("PAIR") 29 U.S.C. § 794e. The Disability Law Center is a nonprofit corporation duly organized in accordance with the laws of the State of Alaska.

4. Plaintiff R.S. is an eight-year old Medicaid recipient who was diagnosed with autism spectrum disorder ("ASD") when he was four years old. R.S.'s Pediatric Neurodevelopmental Consultation Report recommended that R.S. would benefit from direct behavioral support using "functional behavioral analysis," which is a tool of ABA. Plaintiff J.S. is a six-year old Medicaid recipient who was also diagnosed with ASD. Kikono Savo is their biological mother and lawful guardian. She alone supports her children. Ms. Savo and her children are Native Alaskans who hail originally from Dillingham, Alaska, but now reside in Eagle River, Alaska.

5. Defendant State of Alaska Department of Health and Social Services is the government agency responsible for the administration of the Medicaid program in Alaska.

6. Defendant Valerie Davidson is the Commissioner of the Alaska Department of Health and Social Services and is named as a defendant in her official capacity as Commissioner.

7. Defendant Davidson has acted and continues to act at all times relevant in her official capacity under color of state law.

## BACKGROUND ON ALASKA'S MEDICAID PROGRAM

8. The Medicaid Act, codified at 42. U.S.C. §§ 1396-1396w-5, mandates that states who receive federal funding for their Medicaid programs must comply with the Medicaid Act and its implementing regulations.

*Disability Law Center, R.S., and J.S. v. Davidson*, Case No. 3AN-16-_____ CI  Page 3 of 11
Complaint for Declaratory and Injunctive Relief

Case 3:16-cv-00277-HRH   Document 1-1   Filed 12/05/16   Page 4 of 14

9. Under AS 47.07.010-.900, Alaska participates in the federal Medicaid program.[1] AS 47.07.030(a) specifies that "[t]he department shall offer all mandatory services required under 42 U.S.C. 1396 – 1396p (Title XIX of the Social Security Act)."

10. As a participant, Alaska is required to provide early and periodic screening, diagnostic, and treatment (EPSDT) services to all Medicaid eligible children. 42 U.S.C. §§ 1396a(a)(10), (43); 1396d(a)(4)(B); 1396d(r).

11. In 42 U.S.C. § 1396a(a)(8), the Medicaid Act also requires States to "furnish ... [medical] assistance ... with reasonable promptness to all eligible individuals."

## MEDICAID SERVICES UNDER EPSDT

12. The EPSDT mandate requires Alaska to provide any listed service under the Medicaid Act even if the service is not in the State's Medicaid Plan for adults, 42 U.S.C. § 1396d(r)(5), including those services specified in 42 U.S.C. § 1396d(a)(1)-(29).

13. Consequently, the State must provide preventative services such as "other diagnostic, screening, and rehabilitative services, including . . . (c) any medical or remedial services . . . recommended by a physician or other licensed practitioner of the healing arts within the scope of their practice under State law, for the maximum reduction of physical or mental disability and restoration of an individual to the best functional level." 42 U.S.C § 1396d(a)(13).

14. The EPSDT requirement also mandates the State to provide services of other licensed practitioners, including behavioral services provided by psychologists, applied behavioral analysts, and other licensed mental health providers who offer remedial care to persons with autism spectrum disorders (ASD). See 42 U.S.C. § 1396d(a)(6).

---

[1] See also Alaska Medicaid State Plan (last visited Sept. 4, 2016), http://dhss.alaska.gov/Commissioner/Pages/MedicaidStatePlan/default.aspx.

*Disability Law Center, R.S., and J.S. v. Davidson*, Case No. 3AN-16-_____CI
Complaint for Declaratory and Injunctive Relief

Page 4 of 11

Case 3:16-cv-00277-HRH   Document 1-1   Filed 12/05/16   Page 5 of 14

15. The EPSDT mandate also requires Alaska to provide therapy services. *See* 42 U.S.C. § 1396d(a)(11). Included among those services are those designed to meet the needs of individuals with speech, hearing, and language disorders.

16. Alaska is required to make these and all treatments described in the Medicaid Act available to correct or ameliorate defects—both physical and mental—discovered during the EPSDT screening process, which includes any visits to medical professionals between regular screens.

17. DHSS is also required to "make available a variety of individual and group providers qualified and willing to provide EPSDT services." 42 C.F.R. § 441.61(b).

## EPSDT NOTICE

18. In 42 U.S.C. § 1396a(a)(43)(A), the Medicaid Act requires Alaska to provide for –

> (A) informing all persons in the State who are under the age of 21 and who have been determined to be eligible for medical assistance including services described in [42 U.S.C. § 1396d(r)], of the availability of early and periodic screening, diagnostic, and treatment services as described in [42 U.S.C. § 1396d(r)] and the need for age-appropriate immunizations against vaccine-preventable diseases[.]

19. Federal regulations implementing this law require DHSS to inform EPSDT recipients of the "services available under the EPSDT program and where and how to obtain those services." 42 C.F.R. § 441.56(a).

## BACKGROUND ON AUTISM SPECTRUM DISORDER AND APPLIED BEHAVIORAL ANALYSIS

20. Upon information and belief, there are currently more than 1000 children in Alaska with autism spectrum disorder ("ASD").

*Disability Law Center, R.S., and J.S. v. Davidson*, Case No. 3AN-16-_____ CI
Complaint for Declaratory and Injunctive Relief

Page 5 of 11

Case 3:16-cv-00277-HRH    Document 1-1    Filed 12/05/16    Page 6 of 14

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002    Fax 907-565-1000
1-800-478-1234

21. Without care, treatment, or therapy, autism spectrum disorder may lead people to grow into adulthood without the ability to perform the most basic of human functions and activities of daily living.

22. Applied Behavioral Analysis ("ABA") addresses the needs of children with ASD by using scientifically validated medical treatments tailored to their individual needs. Such behavioral intervention treatment is critical in the early, formative years of a child's life.[2]

23. ABA treatment is therefore rehabilitative for children with ASD, with both medical and remedial components under the Medicaid Act, 42 U.S.C. § 1396d(a)(13).

24. Forty-four (44) states, including the District of Columbia and the U.S. Virgin Islands, mandate private health insurance coverage of ABA. Alaska mandates private insurers to pay for ABA services. AS 21.42.397.

## FACTS

25. In July, 2014, the federal Center for Medicare and Medicaid Services – which administers the Medicaid Act - told all States, including Alaska, that they needed to include ABA among the services available to children.[3]

26. In September, 2014, CMS issued FAQs saying that while it was not mandating ABA services for children under 21 with ASD, it was expecting States to "adhere to long-

---

[2] *Autism Spectrum Disorder (ASD): Facts about ASD*, Centers for Disease Control & Prevention (March 28, 2016), http://www.cdc.gov/ncbddd/autism/facts.html.

[3] Cindy Mann, *Clarification of Medicaid Coverage of Services to Children with Autism*, Center for Medicare and Medicaid Services (July 7, 2014), https://www.medicaid.gov/Federal-Policy-Guidance/Downloads/CIB-07-07-14.pdf.

*Disability Law Center, R.S., and J.S. v. Davidson*, Case No. 3AN-16-_____CI
Complaint for Declaratory and Injunctive Relief

Page 6 of 11

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002   Fax 907-565-1000
1-800-478-1234

Case 3:16-cv-00277-HRH   Document 1-1   Filed 12/05/16   Page 7 of 14

standing EPSDT obligations for individuals from birth to age 21, including providing medically necessary services available for the treatment of ASD."[4]

27. It is not anticipated that defendants will disagree that they have an obligation to cover ABA under EPSDT. Upon information and belief, DHSS planned to begin full coverage of ABA services under the Medicaid program by July 2016. It failed to do so.

28. On July 1, 2016, the State of Alaska, Department of Health and Social Services issued a memorandum [attached as Exhibit 1] explaining that ABA services under the Medicaid program would be delayed until July 1, 2017.

29. The memorandum dated July 1, 2016, was sent to service providers and stakeholders - not Alaskan families whose children need Applied Behavior Analysis.

30. The memorandum explains that, until July 1, 2017, ABA will be provided under the label "Intensive Active Treatment," and restricted to those Alaskans who have begun to receive services under the Intellectual and Developmental Disabilities Medicaid Waiver.

31. The plan outlined in the memorandum dated July 1, 2016, does not make ABA available to all children under the Medicaid Early and Periodic Screening, Diagnostic, and Treatment program.

32. Any further delay in making ABA available will harm the Disability Law Center, J.S., R.S. and those similarly situated, irreparably.

33. For example, R.S. has multiple behavioral problems that impact his ability to obtain an education, including tantrums and eloping behavior. He has recently been assessed

---

[4] *Medicaid and CHIP FAQs: Services to Address Autism* (Sept. 24, 2014), https://www.medicaid.gov/federal-policy-guidance/downloads/faq-09-24-2014.pdf.

*Disability Law Center, R.S., and J.S. v. Davidson*, Case No. 3AN-16-_____ CI  
Complaint for Declaratory and Injunctive Relief

Page 7 of 11

with the functional communication skills of an 18-30 month year old. He is almost nine years old.

34. When R.S. was diagnosed with autism, his pediatrician recommended behavioral supports to include ABA.

35. ABA treatment is critical now to make behavioral impacts on R.S.'s adult life. Without ABA, R.S. faces serious harm, including regression of skills and increase in potentially dangerous behaviors in adolescence.

36. Ms. Savo is eligible for health care through the Indian Health Service. However, she is a single mother who depends on Medicaid to cover most of her children's medical expenses, including respite and rehabilitative services. She cannot afford the cost of ABA treatment.

37. Any further delay in notifying children and their families about how they can apply for coverage of ABA will harm the Disability Law Center, J.S., R.S., and those similarly situated, irreparably.

38. On September 14, 2016, plaintiffs proposed that the State issue a notice [attached as Exhibit 2] informing families of how they could apply for ABA under existing law. By letter dated October 31, 2016, the State has refused to provide notice along the lines proposed by plaintiffs and has stated that general information sent to families about a wide range of services is adequate to comply with its EPSDT notice obligations.

## CLAIM I: VIOLATION OF MEDICAID ACT: NOTICE

39. Plaintiff incorporates each and every allegation above.

40. Under the Medicaid Act, DHSS is required to inform EPSDT recipients "of the availability of early and periodic screening, diagnostic, and treatment services." Under 42

C.F.R. § 441.56(a), it must inform recipients about "services available under the EPSDT program and where and how to obtain those services."

41. By failing to provide notice regarding the availability and how to receive ABA, the State of Alaska is in violation of the Medicaid Act.

42. This failure deprives Disability Law Center, R.S., and J.S. of their rights under color of state law in violation of 42 U.S.C. § 1983.

43. The Disability Law Center, R.S., and J.S. will suffer irreparable harm by Alaska's failure to notify families of the availability of ABA and this harm will continue unless this Court issues an injunction requiring the State to provide adequate notice regarding how to access ABA.

## CLAIM II: VIOLATION OF MEDICAID ACT: ABA SERVICES NECESSARY TO TREAT OR AMELIORATE A CHILD'S CONDITION

44. Plaintiff incorporates each and every allegation above.

45. Under the Medicaid Act, the full range of EPSDT services is mandatory for all Medicaid recipients who are children in order to ameliorate defects and physical and mental illnesses and conditions.

46. Alaska's delays in providing ABA under Medicaid will result in inadequate treatment options for children with ASD in violation of the Medicaid Act. R.S. and J.S. consequently have insufficient healthcare coverage as compared to those children who are privately insured. Thus, they will be deprived of their rights under color of state law in violation of 42 U.S.C. § 1983.

47. By failing to reimburse ABA therapy, the State of Alaska is in violation of the Medicaid Act.

*Disability Law Center, R.S., and J.S. v. Davidson*, Case No. 3AN-16-_____CI  Page 9 of 11
Complaint for Declaratory and Injunctive Relief

Case 3:16-cv-00277-HRH    Document 1-1    Filed 12/05/16    Page 10 of 14

48. This failure deprives Disability Law Center, R.S., and J.S. of their rights under color of state law in violation of 42 U.S.C. § 1983.

49. The Disability Law Center, R.S., and J.S. will suffer irreparable harm by Alaska's unjustified delays in providing these benefits and this harm will continue unless this Court issues an injunction requiring the State to begin reimbursement of ABA services for Medicaid eligible children immediately and for R.S. and J.S. specifically.

### CLAIM III: VIOLATION OF MEDICAID ACT: REASONABLE PROMPTNESS

50. Plaintiff incorporates each and every allegation above.

51. Under the Medicaid Act, defendants must provide services, including EPSDT services, with reasonable promptness.

52. Alaska's delays in providing ABA under Medicaid will result in inadequate services for children with ASD in violation of the Medicaid Act.

53. This failure deprives Disability Law Center, R.S., and J.S. of their rights under color of state law in violation of 42 U.S.C. § 1983.

54. The Disability Law Center, R.S., and J.S. will suffer irreparable harm by Alaska's unjustified delays in providing these benefits and this harm will continue unless this Court issues an injunction requiring the State to begin reimbursement of ABA services for Medicaid eligible children immediately and for R.S. and J.S. specifically.

### PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray that this Court:

1. Declare that the State's inadequate notice about ABA to eligible children, and delays in providing ABA services to eligible children, violate the Medicaid Act;

*Disability Law Center, R.S., and J.S. v. Davidson*, Case No. 3AN-16-_____CI
Complaint for Declaratory and Injunctive Relief

Page 10 of 11

Case 3:16-cv-00277-HRH   Document 1-1   Filed 12/05/16   Page 11 of 14

2. Declare that these violations entitle the Disability Law Center, R.S., and J.S. to relief under 42 U.S.C. § 1983 for violation of their civil rights;

3. Enter a preliminary and permanent injunction directing the State to provide notice to Medicaid-eligible children about how they may receive ABA, to begin to provide ABA services as a covered EPSDT benefit under Alaska's Medicaid program to treat children with ASD, and to make ABA providers available to Medicaid recipients who are minors;

4. Award Plaintiffs their reasonable attorneys' fees, costs, and expenses under any applicable law; and

5. Grant any such other and further relief as this Court deems just and proper.

Dated: _____

Respectfully submitted,

_____
Mark Regan (ABA #8409081)
Joanna Cahoon (ABA #1405034)
Disability Law Center of Alaska

_____
James J. Davis, Jr. (ABA #9412140)
Jonathan Fork (practicing under ABA Rule 43)
Alaska Legal Services Corporation

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002
Fax 907-565-1000
1-800-478-1234

*Disability Law Center, R.S., and J.S. v. Davidson*, Case No. 3AN-16-_____CI
Complaint for Declaratory and Injunctive Relief

Page 11 of 11

Case 3:16-cv-00277-HRH   Document 1-1   Filed 12/05/16   Page 12 of 14



**THE STATE of ALASKA**
GOVERNOR BILL WALKER

**Department of Health and Social Services**

DIVISION OF BEHAVIORAL HEALTH
Anchorage Regional Office

3601 C Street, Suite 878
Anchorage, Alaska 99503-5924
Main: 907.269.3600
Toll Free: 800.770.3930
Fax: 907.269.3623

July 1, 2016

Re: A Notice Regarding Applied Behavioral Analysis (ABA) Services in Alaska

Due to a variety of circumstances, the Division of Behavioral Health (DBH) is presently anticipating an implementation date of July 1, 2017 for full application of ABA services in the State of Alaska.

The Division acknowledges the importance of these services and the positive impact they will have on Alaskan children. As you may know, the Department of Health & Social Services' (DHSS') Medicaid and Behavioral Health Reform initiatives have presented DHSS and DBH with an opportunity to vastly improve the Division's behavioral health service delivery system, including the inclusion of a more integrated approach to the delivery of both primary and behavioral health care, an integration that will benefit children and adults alike.

The changes contemplated by the adoption of ABA services are being incorporated into DBH's broader systems review, and it is for these reasons that the Division is delaying full implementation of ABA services until next year, so that together with key partners both within and outside of State government, the Division can develop the most robust and integrated program possible.

Despite this delay in final ABA implementation, DBH – together with the Division of Senior and Disability Services (SDS) – is working hard to comply with its federal mandates and has developed a strong transition plan for all current Home and Community Based Waiver (HCBW) recipients who are currently receiving ABA services under the provision of SDS' Intensive Active Treatment (IAT) program. These children will be covered during this interim, and will not lose their benefits as we work towards full implementation of ABA services in Alaska next July.

For families who are waiting for ABA service coverage through the Medicaid program, we are working very hard to ensure we have the strongest regulations in place to ensure the highest quality of services for your children. We are also working diligently with our partner State agencies to ensure that the Medicaid system is ready, so that new ABA providers can successfully enroll, bill, and receive payment for these vital services. All of this takes time, but we are confident with the final roll out of this new program, that your children will receive the highest quality of services available in Alaska.

If you have any further questions please feel free contact me, Randall Burns, Director, Division of Behavioral Health at randall.burns@alaska.gov.

Let me thank you in advance for your patience during this last year of transition and continued ABA program development.

Sincerely,

*Randall P. Burns*

Randall P. Burns, MS
Director

EXHIBIT 1
Page 1 of 1

The federal government said two years ago that all States, including Alaska, needed to cover applied behavior analysis ("ABA") when it was necessary to treat a child's autism. We wanted to let all families know that they have the right to apply to us now for these services.

Our Medicaid program has been covering ABA, under the label "intensive active treatment," for some children getting services under the Intellectual and Developmental Disabilities waiver. We are now changing our system so that children can qualify for ABA, by name, whether or not they are on this waiver.

As we are putting our program together, we are asking families to apply to us now for ABA, using the same general standards we've been using for the waiver program: that is, a mental health professional clinician needs to have diagnosed the child with autism that meets the diagnostic criteria for code 299.00 in the DSM], and the family needs to have completed the standard ICAP form. However, the child will not need to wait on the IDD waiver waiting list before being found eligible for ABA services. Once you do this, we will send you a notice telling you whether your child qualifies for ABA and, if so, how to access those services for your child.

EXHIBIT 2
Page 1 of 1