Mark Regan
Joanna L. Cahoon
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, Alaska  99503
(907) 565-1002
mregan@dlcak.org, jcahoon@dlcak.org

James J. Davis, Jr.
Alaska Legal Services Corporation
1016 W. 6th Ave., Ste. 200
Anchorage, AK  99501
Phone: 907-222-4504
jdavis@alsc-law.org

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DISABILITY LAW CENTER OF ALASKA and R.S. and J.S., minors,, through their parent, KIKONO SAVO,<br><br>  Plaintiffs,<br><br> v.<br><br>VALERIE DAVIDSON, in her official capacity as Commissioner of the Alaska Department of Health and Social Services, and STATE OF ALASKA, DEPARTMENT OF HEALTH AND SOCIAL SERVICES,<br><br>  Defendants.<br>_____ | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No. 3:16-cv-277-HRH |

**REPLY TO DEFENDANTS' OPPOSITION TO CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

## I. Preliminary Statement

This Court's Order of March 16, 2017, refusing to order the defendants to begin providing ABA services to Alaska children under the EPSDTEPSDT program, was predicated on defendants assuring this Court that they *would* begin providing those services by July 1, 2017. This Court made that point repeatedly:

- "Defendants argue that it is beside the point that ABA is a medically necessary treatment . . . . [R]ather the dispute is over **when** ABA will be provided . . . . [D]efendants argue that the Court should give Chevron deference to CMS's instruction that defendants should provide ABA . . . as of July 1, 2017."[1]

- "Defendants argue that . . . CMS has directed them to wait to provide ABA . . . until July 1, 2017."[2]

- "Defendants argue that similarly here, the court should give Chevron deference to CMS's determination that defendants do not have to provide ABA under the EPSDT program until July 1, 2017."[3]

Why did this Court assume that defendants would finally begin providing ABA services to Alaska's children pursuant to EPSDT on or before July 1, 2017? Because defendants told the Court that the federal government had commanded them to do this very thing: "The Center for Medicaid and Medicare Services (CMS) has instructed that the ABA service should be provided pursuant to . . . EPSDT. CMS told Alaska that Alaska should do that as of July 1, 2017."[4]

---

[1] Order at 19 (emphasis added).

[2] *Id.* at 20.

[3] *Id.* at 22-23.

[4] Defendants' Opposition to Motion for Preliminary Injunction and to Motion for Summary Judgment (February 13, 2017), Docket No. 14, at 1.

Now, it is December 2017, and the defendants have *yet* to make ABA services under the EPSDT program available to disabled Alaskan children. Worse, the defendants have no timeline or any deadline by which they are committing to this Court that they will commence doing so. The fact is, delays in providing ABA services to autistic children, for even twelve-months, much less five years,[5] violate federal law.[6]

States from around the country have long recognized that they have a duty under the Medicaid Act and EPSDT to provide ABA services to disabled children.[7] But, Alaska continues to drag its heels and to come up with excuses as to why it should not have to comply with federal law.

Instead of any deadlines whatsoever, defendants now tell this Court three things:

---

[5] As this Court has already been told, the defendants have been considering providing ABA services to disabled Alaska children via the EPSDT program since 2007. Plaintiffs' Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment and Support of Cross-Motion for Partial Summary Judgment (October 20, 2017), Docket No. 33, at nn. 34 and 36.

[6] *See, e.g., J.E. v. Wong*, No. 14-00399 HG-KJM, 2016 U.S. Dist. LEXIS 107280, at *29 (D. Haw. Aug. 12, 2016) ("There was a twelve-month delay between the Department's acceptance of ABA treatment and the promulgation of specific instructions to the Medicaid health plans. The Medicaid Act requires participating states to provide medical assistance "**with reasonable promptness** to all eligible individuals." 42 U.S.C. § 1396a(a)(8). Federal regulations interpreting the Medicaid Act require participating states to "[f]urnish Medicaid promptly to recipients **without any delay** caused by the agency's administrative procedures." 42 C.F.R. § 435.930(a). A period of twelve months is significant for children whose development depends on effective treatment for the serious condition of autism. Defendant has provided no reasonable explanation as to why the twelve-month delay was necessary.")(emphasis added).

[7] *See, e.g.*, Indiana Health Coverage Programs Bulletin (Jan. 19, 2016), available at: http://provider.indianamedicaid.com/ihcp/Bulletins/BT201606.pdf (visited Dec. 4, 2017); Nevada Division of Health Care Financing and Policy, Applied Behavior Analysis, available at: http://dhcfp.nv.gov/Pgms/CPT/ABA (visited Dec. 4, 2017); New Mexico Human Services Department, Providers, available at: http://www.hsd.state.nm.us/providers/provider-packets.aspx (visited Dec. 4, 2017); State of Missouri, Behavioral Health Services Manual, available at: http://manuals.momed.com/collections/collection_psy/print.pdf (visited Dec. 4, 2017).

3

1) CMS has effectively told the defendants that they can delay implementing ABA services, indefinitely;[8]

2) This Court already held that Intensive Active Treatment ("IAT") services are *de facto* ABA services so the defendants are not legally obligated to ever actually provide ABA services under the EPSDT program to Alaska's children;[9]

3) This Court is effectively powerless to speed up the process as to whether and when defendants start offering ABA services to Alaska's children and this Court should just hope for the best.[10]

All three claims are false. CMS did not (and legally cannot) allow the defendants to delay ABA services indefinitely. This Court did not (and could not) hold that IAT services are equivalent to ABA services. And, finally, this Court is not powerless in forcing defendants to comply with federal law.

## II. Relevant Background

When this Court first considered this matter in March 2017, the procedural posture it thought it was in was that defendants were proposing to provide ABA services under EPSDT by July 1, 2017 and had received CMS approval to continue to provide IAT services until that date. Plaintiffs suggested to this Court that it ought to order defendants to put ABA under EPSDT into effect immediately. The Court recognized that the

---

[8] Defendants' Memorandum in Support of Motion for Summary Judgment (Sept. 29, 2017), Docket No. 31, at 7 ("CMS's current instructions do not include a specific implementation date . . . .").

[9] Defendants' Reply Re: Defendant Motion for Summary Judgment and Opposition to Plaintiff Cross-Motion for Summary Judgment (Nov 13, 2017), Docket No. 34, at 2.

[10] *Id.* at 1 ("[T]he process cannot legally be sped up any further.").

defendants' self-imposed deadline of July 1 was less than four months away and deferred to the defendants.

Now, the July 1 deadline has come and gone and defendants are still not providing ABA services under EPSDT, nor committing to any deadlines whatsoever.

Meanwhile, plaintiffs have presented this Court with more information about the shortcomings of IAT, including the fact that the typical wait for the services on a wait list is one year (as opposed to the immediate provision of services under EPSDT) and that only 16 children *in the entire State of Alaska* are currently getting IAT.

For the reasons set out below, the defendants' arguments should be rejected and plaintiffs' cross-motion for summary judgment granted.

### III. Argument and Authorities.

#### A. CMS Did Not (and Legally Cannot) Allow the Defendants to Delay ABA Services Indefinitely.

Defendants first told this Court that CMS instructed them to provide ABA services to Alaska's children by July 1, 2017, and that this instruction was entitled to deference.[11]

July 1, 2017 came and went and defendants failed to provide ABA services to Alaska's children. Defendants now tell this Court that a subsequent set of emails from CMS allows defendants to start providing ABA services whenever they choose to send a state plan amendment to (a different office within) CMS, no matter how long that takes.[12]

---

[11] Docket No. 14 at 12 ("The Center for Medicaid and Medicare Services (CMS) has instructed that the ABA service should be provided pursuant to . . . EPSDT. CMS told Alaska that Alaska should do that as of July 1, 2017.")

[12] Docket No. 31 at 6- 7.

5

First, the recent CMS emails do not actually say this. The most CMS has said about this is that the State may continue to offer IAT services to children until the State begins to provide ABA services under EPSDT.[13]

Second, CMS does not have the legal authority to tell a state it can ignore its obligations under the EPSDT program.[14]

### B. This Court Never Held and Could Not Hold that IAT Services Are De Facto ABA Services.

Defendants insist that this Court has countenanced their conduct: "This Court already held that ABA is, at this time, properly bring provided under Medicaid Waiver

---

[13] It might be helpful to look more closely at a document both sides have cited repeatedly: CMS's response to frequently asked questions, made in September, 2014. *See* Defendants' "Opposition to Motion for Preliminary Injunction and to Motion for Summary Judgment" (Feb. 13, 2017), Docket No. 14 at Exhibit 8. As the Court will remember, that FAQ document includes five questions. The first question is whether CMS has mandated that States provide ABA under EPSDT. The answer is no: the Medicaid Act has required services to be provided all along. "States are expected to adhere to long-standing EPSDT obligations for individuals from birth to age 21, including providing medically necessary services available for the treatment of [autism spectrum disorder]." (Incidentally, if CMS had mandated ABA, one might expect that CMS would entertain state requests to relax the mandate; but CMS has properly pointed to the Medicaid Act as the source of Defendants' obligations.) The second question asks when CMS will conduct its reviews of State services for children on the autism spectrum. The answer is, it depends, but this is the point at which CMS reminds States that they should act expeditiously and not deny medically necessary services while reviews are proceeding.

Then CMS turns to the question of whether a State must switch on ABA services by filing and getting approval of a state plan amendment. The answer to this is no, although CMS would prefer States to do this. At no point does the memorandum contemplate that any State would be delaying the provision of ABA by more than three years and claiming as an excuse its own failure to file a state plan amendment.

One thing the waiver services e-mail exchanges do not purport to be is a CMS review of how the State is providing services. Those e-mail exchanges have a much more limited purpose, explained in the answers to questions four and five. They are to ensure that children who now depend on services provided under a Medicaid waiver are not left without help while a State is getting its autism services program in order. That is what every single e-mail cited by Defendants has been about.

[14] Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motions for Preliminary Injunction and Partial Summary Judgment (Feb. 22, 2017), Docket No. 18, at 3-4.

programs."[15] Further, Defendants insist that this ruling is "the rule of decision in this case."[16]

Defendants' assertion is simply false because this Court said nothing of the sort. The focus of this Court's Order was squarely upon the promise of an impending July 1 deadline by which ABA services would be made available to all of Alaska's children in need via the EPSDT program.

This Court did not and would not have held that ABA was being properly provided because IAT and ABA are vastly different programs and the contrast between them has been further amplified by deposition testimony taken after this Court's initial order. First, ABA should be provided when a child's medical need arises.[17] However, state officials conceded at their deposition that, even for the very few children who fit the narrow criteria for IAT, there is a waiting list that fluctuates between a year[18] and 27 months.[19] Second, ABA should be provided to any child for whom the treatment is simply medically necessary.[20] By contrast, IAT is only available to children with a medical need *so great* that they are at risk of institutionalization.[21] State officials also conceded at their depositions that IAT is not available to children with *ongoing* disorders.[22]

---

[15] Docket No. 34 at 2.

[16] *Id.*

[17] 42 U.S.C. § 1396a(a)(8).

[18] Harwood Dep. 9:18-25, (May 26, 2017), attached as Exhibit 1 to Docket No. 33.

[19] *Id.* at 10:9-15.

[20] 42 U.S.C. § 1396d(r)(5).

[21] Harwood Dep. 13:7-9.

[22] *Id.* at 13:1-6.

7

The actual facts confirm plaintiffs' point: although there are more than 1,000 children with autism in the state,[23] and although ABA is the recommended treatment for children with autism,[24] state officials admit IAT is currently being provided to just 16 Alaska children.[25] None of these facts – proving the clear inadequacy of IAT as a substitute for ABA – are disputed by defendants.

### C. This Court is Not Powerless to Order the Defendants to Comply with Federal Law.

Defendants tell this Court that they cannot be "sped up any further."[26] The fact is, defendants have made *no* commitment to this Court (or to Alaska's public) as to whether or when services ABA under EPSDT may *ever* be made available.[27] It may be this year. It may not be. It may be next year. It may not be. This Court should recall that defendants have been "considering" providing ABA services since 2007.[28]

Contrary to defendants' assertion, this Court is not powerless. The court in *Garrido v. Dudek*, 731 F.3d 1152(11th Cir. 2013), was similarly told by the State of Florida that it could not provide ABA under EPSDT for various reasons including but not limited to the

---

[23] Plaintiffs' Memorandum in Support of Plaintiffs' Motions for Preliminary Injunction and Partial Summary Judgment (Jan. 23, 2017), Docket No. 12, at 8.

[24] *Id.* at 4.

[25] Harwood Dep. 28:10-23.

[26] Defendants' Reply Re: Defendant Motion for Summary Judgment and Opposition to Plaintiff Cross-Motion for Summary Judgment (Nov 13, 2017), Docket No. 34, at 2.

[27] Indeed, defendants are now taking the position that this Court has already held that ABA services never have to be provided to Alaska's children under the EPSDT program. *See, e.g.,* Defendants' Opposition to Motion to Reset Dispositive Motion Deadline (Sept. 15, 2017), Docket No. 27, at 2 ("The plaintiffs' sole theory is that Applied Behavioral Analysis had to be provided under the EPSDT program . . . . The Court ruled against them.")

[28] Plaintiffs' Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment and Support of Cross-Motion for Partial Summary Judgment (Oct. 20, 2017), Docket No. 33, at 9.

fact that the costs might exceed $1 billion per year. The court rejected Florida's requests for further delay and entered a broad injunction commanding Florida to "provide, fund, and authorize Applied Behavioral Analysis treatment to Plaintiffs K.G., I.D., and C.C., as well as to all Medicaid-eligible persons under the age of 21 in Florida who have been diagnosed with autism or Autism Spectrum Disorder, as prescribed by a physician or other licensed practitioner" and to "take whatever additional steps are necessary for the immediate and orderly administration of ABA treatment for Medicaid-eligible persons under the age of 21 who have been diagnosed with autism or Autism Spectrum Disorder." *Id.* at 1159.

## IV. CONCLUSION

This Court was willing to give the defendants the benefit of the doubt back in March 2017, with the apparent hope that this issue, and this case, would soon be resolved; defendants were to be rolling out ABA services in July 2017. But, as plaintiffs warned at that time, and as reality has confirmed, defendants did not roll out ABA services on July 1 and defendants' plan to roll out ABA services under EPSDT are now on indefinite hold. This Court should deny defendants' motion, and grant partial summary judgment to the plaintiffs.


Dated: _____, 2017            Respectfully submitted,

                                            /s/ James J. Davis, Jr.
                                            James J. Davis, Jr.
                                            Alaska Legal Services Corporation

1016 W. 6th Ave., Ste. 200
Anchorage, AK  99501
Phone: 907-222-4504
jdavis@alsc-law.org,


Mark Regan
Joanna L. Cahoon
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, Alaska  99503
(907) 565-1002
mregan@dlcak.org, jcahoon@dlcak.org


**CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2017, a copy of the
foregoing document was served electronically on the following person:

Steven Bookman (steven.bookman@alaska.gov)


/s/ James J. Davis, Jr.