IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


DISABILITY LAW CENTER OF ALASKA,     )
and R.S. and J.S., minors, through their parent,   )
KIKONA SAVO,                          )
                                      )
                    Plaintiffs,       )
                                      )
        vs.                           )
                                      )
VALERIE DAVIDSON, in her official     )
capacity as Commissioner of the Alaska  )
Department of Health and Social Services;  )
and STATE OF ALASKA, DEPARTMENT       )
OF HEALTH AND SOCIAL SERVICES,        )
                                      )   No. 3:16-cv-0277-HRH
                    Defendants.       )
_____)

O R D E R

Cross-motions for Summary Judgment

Defendants move for summary judgment.[1]  This motion is opposed, and plaintiffs cross-move for partial summary judgment.[2]  Plaintiffs' cross-motion is opposed.[3]  Oral argument was requested but was waived by counsel for plaintiffs and defendants at a status conference held on March 27, 2018.

---

[1]Docket No. 30.

[2]Docket Nos. 32 and 33.

[3]Docket No. 34.

<u>Facts</u>

Plaintiffs are the Disability Law Center of Alaska, Inc. ("DLC"); and R.S. and J.S., minors, through their parent, Kikono Savo. DLC "is designated as the protection and advocacy ('P&A') system for the State of Alaska."[4] "P&A agencies are a nationwide network of disability rights agencies, which are mandated, under various interrelated federal statutory programs, to provide legal representation and other advocacy services on behalf of individuals with disabilities."[5] R.S. and J.S. are children who have been diagnosed with autism spectrum disorder (ASD) and who are Medicaid recipients.[6]

Defendants are Valerie Davidson, in her official capacity as the Commissioner of the Alaska Department of Health and Social Services; and the State of Alaska, Department of Health and Social Services. The Department of Health and Social Services administers the Medicaid program in Alaska.

"Section 1396a of Title 42 of the United States Code sets forth the requirements for state plans for medical assistance under federal Medicaid law." <u>J.E. v. Wong</u>, 125 F. Supp. 3d 1099, 1104 (D. Haw. 2015). "Section 1396a(a)(10)(A) provides that a state plan for medical assistance must make certain care and services available to Medicaid recipients." <u>Id.</u> "Section 1396a(a)(10)(A) references 42 U.S.C. § 1396d(a)(4)(B)." <u>Id.</u> "Under Section

---

[4]Complaint for Declaratory and Injunctive Relief at 2, ¶ 3, attached to Defendants' Notice of Removal, Docket No. 1.

[5]<u>Id.</u>

[6]<u>Id.</u> at 3, ¶ 4.

1396d(a)(4)(B) 'early and periodic screening, diagnostic, and treatment services ['EPSDT']

... for individuals who are eligible under the plan and are under the age of 21' are required

services." Id. "[A]ll medical assistance, including EPSDT, must be furnished" to Medicaid

recipients "with 'reasonable promptness[.]'" Katie A., ex rel. Ludin v. Los Angeles County,

481 F.3d 1150, 1159 (9th Cir. 2007) (quoting 42 U.S.C. § 1396a(a)(8)). "In addition to

providing early and periodic screening, diagnostic, and treatment services, a participating

state must also ensure that persons eligible to receive EPSDT services are informed of the

EPSDT program." J.E. v. Wong, Case No. 14-00399 HG-KJM, 2016 WL 4275590, at *14

(D. Haw. Aug. 12, 2016).

Alaska's Medicaid State Plan includes an EPSDT program. See 7 AAC 110.200-.210.

But, Alaska's Medicaid State Plan has not provided Applied Behavioral Analysis ("ABA")

therapy pursuant to the EPSDT program. "ABA therapy is an intensive behavior therapy

that, among other things, measures and evaluates observable behaviors. Evidence shows that

ABA therapy may help autistic children with cognitive function, language skills, and

adaptive behavior." A.F. v. Providence Health Plan, 173 F. Supp. 3d 1061, 1066 (D. Or.

2016). Neither R.S. or J.S. receive ABA therapy as part of their Medicaid benefits.

In addition to administering the Medicaid State Plan, defendants also administer two

Medicaid waivers, the CCMC[7] Waiver and the PIDD[8] Waiver, which have been approved

---

[7]CCMC stands for Children with Complex Medical Conditions.

[8]PIDD stands for People with Intellectual and Developmental Disabilities.

by the Center for Medicare and Medicaid Services ("CMS") and are funded pursuant to § 1915(c) of the Social Security Act.

Although it was suggested in 2007 that intensive early intervention for children with autism could be offered as "part of the existing Medicaid program, e.g., by designating treatment through the EPSDT program[,]"[9] Alaska currently provides Intensive Active Treatment Services (IAT) pursuant to the CCMC and PIDD Waivers. Defendants consider a service to be an IAT service, if the service

> (1) provides specific treatment or therapy that will maintain or improve the ability of the recipient to function effectively;
>
> (2) is in the form of time-limited interventions that address
>
>> (A) the recipient's personal, social, behavioral, or mental problem;
>>
>> (B) the recipient's substance use disorder; or
>>
>> (C) a family problem related to the recipient's problem or disorder;
>
> (3) requires the knowledge possessed only by professionals specially trained in specific disciplines, and the services of those professionals are not otherwise covered as Medicaid services, as day habilitation services under 7 AAC 130.260, or as residential habilitation services under 7 AAC 130.265; and
>
> (4) provides treatment or therapy that is planned and rendered by

_____

[9]The Governor's Council on Disabilities & Special Education, Early Intensive Intervention Services for Alaska Children with Autism: A Policy Analysis (Aug. 7, 2007) at 4, available at http://dhss.alaska.gov/gcdse/Documents/Publications/pdf/autism_policy.pdf. The policy analysis also suggested four other means for providing time-limited early intensive intervention services for children with autism. Id. at 4.

(A) an individual certified under AS 14.20.010 with a special education endorsement obtained under 4 AAC 12.330; or

(B) a professional licensed under AS 08 with expertise specific to the diagnosed problem or disorder, or by a paraprofessional supervised by that professional and licensed under AS 08 if required.

7 AAC 130.275(b). Defendants consider ABA therapy to be an IAT service. Currently, 16 children receive IAT services under the waiver programs.[10] It is not clear, however, whether any of these children are receiving ABA therapy as an IAT service.

On July 7, 2014, CMS issued a bulletin, the subject of which was "Clarification of Medicaid Coverage of Services to Children with Autism."[11] In the "Background" section, CMS noted that "[t]reatments for children with ASD [autism spectrum disorder] can improve physical and mental development."[12] CMS also noted that "[w]hile much of the current national discussion focuses on one particular treatment modality called Applied Behavioral Analysis (ABA), there are other recognized and emerging treatment modalities for children with ASD[.]"[13] The bulletin "provide[d] information related to services available to

_____

[10]30(b)(6) Deposition of State of Alaska, Department of Health and Social Services Designee Maureen Harwood at 28:18-29:22, Exhibit 1, Memorandum of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment and in Support of Plaintiffs' Cross-Motion for Partial Summary Judgment, Docket No. 33.

[11]Exhibit F, Opposition to Motion for Preliminary Injunction and to Motion for Summary Judgment, Docket No. 14.

[12]Id. at 1.

[13]Id.

individuals with ASD through the federal Medicaid program."[14]  One of the programs CMS reviewed in the bulletin was the EPSDT program.  CMS stated that "[a]ll children, including children with ASD, must receive EPSDT screenings designed to identify health and developmental issues, including ASD, as early as possible" and that "EPSDT also requires medically necessary diagnostic and treatment services."[15]  CMS explained that "[t]he role of states is to make sure all covered services are available as well as to assure that families of enrolled children, including children with ASD, are aware of and have access to a broad range of services to meet the individual child's needs[.]"[16]

In September 2014, CMS provided answers to questions that had been raised by states in response to the July 7, 2014 bulletin.  Question 1 was whether "CM mandated [ABA] services for children under 21 with" ASD?[17]  CMS replied:

> No. Applied Behavior Analysis (ABA) is one treatment modality for ASD.  CMS is not endorsing or requiring any particular treatment modality for ASD.  State Medicaid agencies are responsible for determining what services are medically necessary for eligible individuals.  States are expected to adhere to long-standing EPSDT obligations for individuals from birth to age 21, including providing medically necessary services

---

[14]Id.

[15]Id. at 4.

[16]Id.

[17]Medicaid and CHIP FAQS:  Services to Address Autism at 1, Exhibit G, Opposition to Motion for Preliminary Injunction and to Motion for Summary Judgment, Docket No. 14.

available for the treatment of ASD.[18]

Question 2 was "[w]hen will CMS begin to assess state compliance with coverage requirements for children" with ASD?[19] CMS replied that

> [t]here is no specific time frame for CMS review of state practices in this area. The CMCS Information Bulletin released July 7, 2014 ... related to Autism Spectrum Disorder discusses the obligations under the Medicaid statute and regulations that are already in effect. However, CMS recognizes that states may not have focused on the application of these requirements in this area. As a result, a state may need time to review its current program policies to determine if changes are needed to existing state regulations and/or policy to ensure compliance. States may also want to confer with the stakeholder community for public input on the benefit design of autism services for children. CMS believes states should complete the work expeditiously and should not delay or deny provision of medically necessary services.[20]

Question 4 asked "[h]ow should a state that has a section 1915(c) home and community-based services waiver that is limited to EPSDT-age individuals but includes services related to [ASD] that are now available through the state plan respond to this policy clarification?"[21] CMS responded that

> [t]he ASD-related services should be provided through the Medicaid state plan for the EPSDT-eligible individuals, rather than the 1915(c) waiver. CMS will work with states to ensure that such services are able to be made available under the state

---

[18]Id.

[19]Id.

[20]Id.

[21]Id. at 2.

plan. Accordingly, CMS w[ill] also work with states to remove the service from the 1915(c) home and community-based services waiver at the next amendment or renewal, whichever comes first.[22]

In renewal requests submitted to CMS in October 2015 and February 2016, defendants proposed removing IAT services from the CCMC and PIDD Waivers by January 1, 2017.[23]

On July 1, 2016, defendants sent a notice, in which they stated that they "anticipat[ed] an implementation date of July 1, 2017 for full application of ABA services in the State of Alaska."[24] The Notice explained that

[t]he changes contemplated by the adoption of ABA services are being incorporated into [the Division of Behavioral Health's] broader systems review, and it is for these reasons that the Division is delaying full implementation of ABA services until next year, so that together with the key partners both within and outside of State government, the Division can develop the most robust and integrated program possible.[25]

The Notice stated that children currently receiving IAT under the Waiver program would continue to receive these services during the transitional period.[26] As "[f]or families who are waiting for ABA service coverage through the Medicaid program," the Notice stated that

---

[22]Id.

[23]Exhibit I, Exhibit J, Opposition to Motion for Preliminary Injunction and to Motion for Summary Judgment, Docket No. 14.

[24]Exhibit 3 at 1, Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction and Partial Summary Judgment, Docket No. 12.

[25]Id.

[26]Id.

defendants were

> working very hard to ensure we have the strongest regulations in place to ensure the highest quality of services for your children.  We are also working diligently with our partner State agencies to ensure that the Medicaid system is ready, so that new ABA providers can successfully enroll, bill, and receive payment for these vital services.  All of this takes time, but we are confident with the final roll out of this new program, that your children will receive the highest quality of services available in Alaska.[27]

The Notice was sent to "75 different individuals and/or entities[,]"[28] including the DLC.

On October 3, 2016, Jetta Whittaker, a Health Program Manager for the State, emailed Shante Abarabar, a CMS regional office coordinator, to ask questions about the timing of the amendments to the CCMC and PIDD Waivers removing IAT services.[29]  Whittaker noted that the Waivers currently "specify that Intensive Active Treatment is removed as of January 1[,]" 2017, but given the time required for public comment on the proposed amendments and CMS approval, Whittaker asked whether the July 1, 2017 date should be used.[30]

On October 4, 2016, Abarabar asked if Whittaker knew "why the services won't be

---

[27]Id.

[28]Letter from Stacie L. Kraly, Chief Assistant Attorney General, to Mark Regan, Disability Law Center of Alaska; and James J. Davis, Jr., Alaska Legal Services Corporation, at 1, Exhibit 6, Memorandum in Support of Plaintiffs' Motions for Preliminary Injunction and Partial Summary Judgment, Docket No. 12.

[29]Exhibit L at 5, Opposition to Motion for Preliminary Injunction and to Motion for Summary Judgment, Docket No. 14.

[30]Id.

effective in the state plan until July 1, 2017?"[31]  That same day, Whittaker responded that as she understood it, the delay was because "the Division of Behavioral Health [was] working on regulatory amendments" to the Medicaid State Plan.[32]

On October 13, 2016, Abarabar emailed Whittaker and others and said that

> CMS has determined that the state may delay the removal of IAT services from the PIDD and CCMC waivers until July 1, 2017.
>
> CMS would like the state to submit the PIDD and CCMC waiver amendments, removing IAT services at the same time as the SPA [State Plan Amendment] to align the effective dates and to ensure these changes are reviewed and approved in tandem.
>
> Before Alaska officially submits its waiver amendments for review and approval regarding the proposed changes, ... please reinsert IAT services for children in the [CCMC and PIDD] waivers and indicate in the brief waiver description and in the service definitions for each waiver that as of July 1, 2017, IAT will no longer be available to children and youth ages 0-21 through the PIDD and CCMC waiver[s] ..., and it will instead be available through the state plan per EPSDT requirements.[[33]]

At some point thereafter, defendants submitted amendments to both the CCMC and PIDD Waivers to CMS for approval, in which defendants indicated that IAT services would be removed from the Waivers as of July 1, 2017.[34]

---

[31]Id.

[32]Id. at 4.

[33]Id. at 3-4.

[34]Exhibit B, Exhibit C, Opposition to Motion for Preliminary Injunction and to Motion for Summary Judgment, Docket No. 14.

On October 14, 2016, the DLC sent the State a letter in which it alleged that the State was not in compliance with the notice provision of the Medicaid Act, 42 U.S.C. § 1396a(a)(43)(A), because the July 1, 2016 Notice was insufficient. The DLC asserted that the July 1, 2016 Notice was insufficient because it did not inform Alaska families about how to apply for ABA therapy.

On October 31, 2016, the State replied to the DLC's October 14, 2016 letter.[35] The State disagreed with the DLC's position that "the State of Alaska [must] provide, in a single notice, a description [of] all of the possible ABA services available under the [EPSDT] program and [how] to access those services to eligible children under the age of 21."[36]

On November 1, 2016, plaintiffs commenced this action. In their complaint, plaintiffs assert three claims: 1) a § 1983 claim based on allegations that defendants violated the notice provision of the Medicaid Act by failing to provide adequate notice about how to apply for and access ABA therapy under the EPSDT program, 2) a § 1983 claim based on allegations that defendants violated the Medicaid Act by failing to reimburse for ABA under the EPSDT program, and 3) a § 1983 claim based on allegations that defendants violated the Medicaid Act by failing to provide ABA therapy under the EPSDT program with reasonable promptness. For relief, plaintiffs seek a declaration that defendants have violated the Medicaid Act by providing "inadequate notice about ABA to eligible children, and delay[ed]

---

[35]Exhibit 6, Memorandum in Support of Plaintiffs' Motions for Preliminary Injunction and Partial Summary Judgment, Docket No. 12.

[36]Id. at 1.

providing ABA services to eligible children[.]"[37]  Plaintiffs also seek injunctive relief

> directing the State to provide notice to Medicaid-eligible
> children about how they may receive ABA, to begin to provide
> ABA services as a covered EPSDT benefit under Alaska's
> Medicaid program to treat children with ASD, and to make
> ABA providers available to Medicaid recipients who are
> minors[.[38]]

On January 23, 2017, plaintiffs moved for a preliminary injunction "enjoining [defendants] from failing to cover [ABA] as a service under the [EPSDT] program, from failing to provide Alaskan families with adequate notice about [ABA], and from failing to provide [ABA] services with reasonable promptness."[39]  Plaintiffs also moved for summary judgment on their claims for declaratory relief and asked that the court declare that "[d]efendants have failed to cover [ABA] as a service under the [EPSDT] program;" that "[d]efendants have failed to provide Alaskan families with adequate notice about [ABA];" and that "[d]efendants have a legal duty to provide [ABA] services with reasonable promptness."[40]

---

[37]Complaint for Declaratory and Injunctive Relief at 10, ¶ 1, attached to Defendants' Notice of Removal, Docket No. 1.

[38]Id. at 11, ¶ 3,

[39]Proposed Preliminary Injunction at 2, attached to Plaintiffs' Motion for Preliminary Injunction, Docket No. 10.

[40]Proposed Partial Summary Judgment Order at 2, attached to Plaintiffs' Motion for Partial Summary Judgment, Docket No. 11.

On March 16, 2017, the court denied both of plaintiffs' motions.[41]   The court concluded that plaintiffs had not shown that defendants were required, but failed, to provide ABA therapy under the EPSDT program with reasonable promptness to Medicaid-eligible children with ASD because "defendants were reasonably following the instructions they were receiving from CMS as to the timing of the amendments to the Waivers to take out IAT and to the State Plan to include IAT under the EPSDT program."[42]   In reaching this conclusion, the court did, however, observe that "CMS could not waive the requirement that defendants provide ABA under the EPSDT program[.]"[43]   The court also observed that "ABA is provided to some Medicaid-eligible children through the Waiver program" and that it was "not convinced, based on what [was] currently before it, that it could order defendants to start providing ABA under the EPSDT program immediately, rather than waiting until July 1, because they have violated the 'reasonable promptness' provision of the Medicaid Act by not providing ABA at all."[44]   The court also concluded that plaintiffs had not shown that defendants were required, but failed, to provide families with notice about how to apply for ABA therapy under the EPSDT program since ABA therapy was not yet available under the

---

[41]Order re Motion for Preliminary Injunction; Motion for Partial Summary Judgment at 28, Docket No. 22.

[42]Id. at 25.

[43]Id. at 23-24.

[44]Id. at 26.

EPSDT program.[45]

On May 2, 2017, defendants submitted proposed amendments to the CCMC and PIDD Waivers to CMS.[46] One of the changes included "in this package of amendments" was "[f]or service of Intensive Active treatment, remove references limiting the service to those 21+ (per Regional Office advice), until the State Plan Amendment adding Applied Behavioral Analysis is near CMS approval (then amend the waivers at that time to remove IAT for <21)."[47]

On June 1, 2017, Abarabar provided the following comments to the proposed change:

> CMS has determined that the state may delay the removal of IAT services from the PIDD and CCMC waivers.
>
> CMS would like the state to submit the PIDD and CCMC waiver amendments, removing IAT services at the same time as the SPA for the provision of ABA services by Licensed Behavior Analyst under Other Licensed Practitioners to align the effective dates and to ensure that these changes are reviewed and approved in tandem.
>
> The state will need to submit waiver amendments for review and approval, removing any language specifying that as of July 1, 2017, IAT service will no longer be available to children and youth ages 0-21 through the PIDD and CCMC waiver (respectively), and it will instead be available through the state plan per EPSDT requirements. This language should be replaced with language specifying that the IAT service will be removed from the PIDD and CCMC waivers pending its approval in the state

---

[45]Id. at 27.

[46]Exhibit A, Motion for Summary Judgment, Docket No. 30.

[47]Id. at 2.

-14-

plan per EDST requirements.[48]

On June 15, 2017, Abarabar sent an email to Whittaker that contained much the same language. The email read:

> CMS has determined that the state may delay the removal of IAT services from the PIDD and CCMC waivers and continue offering IAT as a waiver service for <21 until th[e] SPA is approved.
>
> The state will need to submit waiver amendments for review and approval, removing any language specifying that as of July 1, 2017, IAT service will no longer be available to children and youth ages 0-21 through the PIDD and CCMC waiver (respectively), and it will instead be available through the state plan per EPSDT requirements. This language should be replaced with language specifying that the IAT service will be removed from the PIDD and CCMC waivers pending its approval in the state plan per EDST requirements.[49]

Defendants published the draft regulations for public comment on August 9, 2017. The public comment period on the draft regulations closed on October 10, 2017. On February 2, 2018, the regulations were adopted by defendants,[50] and then sent to the Department of Law for review. The agency attorney at the Department of Law has completed the required review but the regulations attorney has not and will need at least thirty more days to complete the review.[51] This review could take longer than thirty days

---

[48]Id. at 3-4.

[49]Exhibit B, Motion for Summary Judgment, Docket No. 30.

[50]Exhibit 1, Joint Status Report, Docket No. 45.

[51]Joint Status Report at 2, Docket No. 45.

because "[i]t is nearing the end of the State's regular legislative session" and "[t]here is also the possibility of special legislative session(s)[.]"[52]

Defendants now move for summary judgment on all three of plaintiffs' claims. Plaintiffs cross-move for summary judgment on the issues of whether CMS has the legal authority to authorize defendants to deny or delay the provision of ABA therapy under the EPSDT program, and if it has such authority, whether CMS has actually exercised that authority.

Discussion

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden is on the moving party to show that there is an absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, then the non-moving party must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In deciding a motion for summary judgment, the court views the evidence of the non-movant in the light most favorable to that party, and all justifiable inferences are also to be drawn in its favor. Id. at 255.

Section 1983 provides that "[e]very person who, under color of [State law] ... subjects, or causes to be subjected, any citizen of the United States or other person within the

---

[52]Id.

jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured...." 42 U.S.C. § 1983. To prevail on their section 1983 claims, plaintiffs will need to prove that defendants have deprived them of their right to notice of available EPSDT services, their right to be reimbursed for ABA therapy under the EPSDT program, and their right to have ABA therapy under the EPSDT program be provided with reasonable promptness. The parties' arguments focus on this last alleged deprivation.

"[A]ll medical assistance, including EPSDT, must be furnished" to Medicaid recipients "with 'reasonable promptness[.]'" Katie A., 481 F.3d at 1159 (quoting 42 U.S.C. § 1396a(a)(8)). Although "summary judgment is generally an inappropriate way to decide questions of reasonableness[,] ... reasonableness 'becomes a question of law and loses its triable character if the undisputed facts leave no room for a reasonable difference of opinion.'" In re Software Toolworks Inc., 50 F.3d 615, 621-22 (9th Cir. 1994) (quoting West v. State Farm Fire & Casualty Co., 868 F.2d 348, 350 (9th Cir. 1989)). "Accordingly, 'reasonableness [is] appropriate for determination on [a] motion for summary judgment when only one conclusion about the conduct's reasonableness is possible." Id. at 622 (quoting West, 886 F.2d at 351).

Defendants argue that there can be no question that they are acting with reasonable promptness because they are acting at the direction of CMS. CMS has instructed defendants to submit the PIDD and CCMS Waiver amendments at the same time as it submits the

amendments to the Medicaid State Plan. Defendants argue that it is reasonable for them to follow these instructions. Although CMS's current instructions do not indicate by what date defendants should submit the required amendments, defendants point out that they are in the process of promulgating the necessary amendments. And, defendants contend that there is no way for them to speed up the regulatory process. Defendants argue that given that they are following the instructions of CMS as to the timing of offering IAT services, which would include ABA therapy, under the EPSDT program, the only possible conclusion a rational fact finder could reach is that defendants have not failed to comply with the statutory requirement that EPSDT be furnished with reasonable promptness. Thus, defendants argue that they are entitled to summary judgment on plaintiffs' § 1983 claim that defendants have deprived them of their right to have ABA therapy provided under the EPSDT program with reasonable promptness.

Plaintiffs, however, argue that a rational fact finder could conclude that defendants have unreasonably delayed providing ABA therapy under the EPSDT program. Plaintiffs argue that it is significant that defendants are providing IAT services to only a few Medicaid-eligible children. Plaintiffs cite to <u>Rosie D. v. Romney</u>, 410 F. Supp. 2d 18 (D. Mass. 2006), in support of this argument. There, the plaintiffs asserted that the "[d]efendants ha[d] failed to provide medically necessary EPSDT services to ... children suffering from serious emotional disturbances...." <u>Id.</u> at 22. The court agreed because the defendants had failed to complete comprehensive clinical assessments, had not offered ongoing case management and

monitoring, and had not provided adequate in-home support.  Id. at 52-53.  The court

concluded that because the defendants had "failed to meet the substance of the EPSDT

mandate, ... they ha[d] not satisfied Congress' command to provide services with 'reasonable

promptness.'"  Id. at 53 (quoting 42 U.S.C. § 1396a(a)(8).  The court found that "[t]he fact

that [the d]efendants provide some services does not relieve them of the duty to provide all

necessary services with reasonable promptness."  Id.

In its earlier order on plaintiffs' motions for a preliminary injunction and summary

judgment, the court distinguished this case from Rosie D., explaining that in Rosie D.

> services that were required as part of the EPSDT program were
> not being provided at all.  Id. at 52-53.  Here, ABA is provided
> to some Medicaid-eligible children through the Waiver program.
> Although plaintiffs contend that very few children receive ABA
> under the Waiver program and they have offered evidence that
> R.S. and J.S. do not, the court is not convinced, based on what
> is currently before it, that it could order defendants to start
> providing ABA under the EPSDT program immediately, rather
> than waiting until July 1, because they have violated the
> "reasonable promptness" provision of the Medicaid Act by not
> providing ABA at all.[53]

But plaintiffs argue that the evidence now shows that defendants are only offering IAT

services to 16 children under the PIDD Waiver (and 0 children under the CCMC Waiver) and

that as of May 26, 2017, there were 348 children on the PIDD Waiver wait list and that the

---

[53]Order re Motion for Preliminary Injunction; Motion for Partial Summary Judgment
at 26, Docket No. 22.

average time a child spent on the wait list was 12 months in 2015 and 27 months in 2016.[54] In addition, plaintiffs point out that IAT is not the same as ABA therapy and thus it is unlikely that the children receiving IAT are actually receiving ABA therapy. Plaintiffs argue that with what is now before it, the court should find that this case is just like Rosie D. in that defendants are providing IAT services to so few children, it is as though they are not providing ABA therapy at all.

Plaintiffs next argue that defendants cannot rely on the directions it has received via emails from CMS because CMS does not have the authority to allow defendants to deny or delay the provision of ABA therapy under the EPSDT program. There can be no question that CMS cannot authorize defendants to deny the provision of ABA therapy under the EPSDT program. CMS made clear in the July 7, 2014 bulletin and its September 2014 answers to questions about the bulletin that states are to provide ASD related services, such as ABA therapy, through the EPSDT program. The question here is whether CMS has the authority to allow defendants to delay providing ABA therapy under the EPSDT program.

As to that question, defendants argue that the court already held that it was appropriate for defendants to rely on the informal instructions they have received in the emails from CMS. Thus, defendants argue that there can be no question that CMS has the authority to authorize a delay, and plaintiffs do not really argue to the contrary. Rather, their arguments

---

[54]Harwood Deposition at 8:17-21; 9:9-25; 10:3-6; 11:3-6: Exhibit 1, Memorandum of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment and in Support of Plaintiffs' Cross-Motion for Partial Summary Judgment, Docket No. 33.

focus on whether CMS has actually authorized such a delay.

First of all, plaintiffs dispute that the CMS emails state that defendants may start providing ABA therapy whenever they choose to send a Medicaid State Plan amendment to CMS, no matter how long that might take. Plaintiffs contend that at most CMS has indicated that defendants may continue to offer IAT services under the waiver program until they begin to provide ABA therapy under EPSDT. Plaintiffs argue that the point of the emails was to ensure that children who are currently receiving IAT under the PIDD waiver are not left without services while defendants get the autism services program in order. But, plaintiffs argue that there is nothing in the emails that indicate that defendants may indefinitely delay offering ABA therapy under the EPSDT program.

Secondly, plaintiffs contend that the email exchange only pertains to the effective date of the Waivers and has nothing to do with any amendment to the Medicaid State Plan to include ABA therapy under the EPSDT program. Plaintiffs argue that defendants have offered nothing to show that the CMS employee who sent the emails had as one of her job functions approval of state plan amendments having to do with EPSDT. Yet it is the Medicaid State Plan that must be amended in order for ABA therapy to be provided under the EPSDT program. And, plaintiffs emphasize that it is defendants, not CMS, who control when amendments to the Medicaid State Plan are submitted for approval.

Plaintiffs also argue that if any deference is to be given to a statement from CMS, then deference should be given to CMS's statement in the July 2014 bulletin that states were to

begin providing ABA therapy under the EPSDT program as expeditiously as possible. Plaintiffs argue that "[a]lthough not entitled to <u>Chevron</u> deference, relatively informal CMS interpretations of the Medicaid Act," such as these "are entitled to respectful consideration in light of the agency's significant expertise, the technical complexity of the Medicaid program, and the exceptionally broad authority conferred upon the Secretary under the Act." <u>S.D. ex rel. Dickson v. Hood</u>, 391 F.3d 581, 590 n.6 (5th Cir. 2004).

Ultimately, regardless plaintiffs' foregoing arguments, the issue here is whether defendants have violated the reasonable promptness provision. Defendants argue that they have reasonably relied on CMS's direction to coordinate the removal of IAT services from the Waivers with the addition of IAT services to the Medicaid State Plan. Defendants dispute that they are asking to delay providing ABA therapy under the EPSDT program indefinitely. Rather, defendants contend, and the evidence presently before the court tends to show, that defendants are in the process of promulgating the necessary regulations and that the steps remaining (review by the Department of Law and transmission to the Lieutenant Governor's office) are required by statute and are reasonable.

Plaintiffs, on the other hand, argue that while it may have been reasonable, as the court previously found, for defendants to wait to amend the Medicaid State Plan until July 2017 to include ABA therapy as part of the EPSDT program, it would be entirely unreasonable for defendants to be allowed to delay providing ABA therapy under the EPSDT program indefinitely based on emails from CMS. Plaintiffs make much of the fact that

defendants had represented that ABA therapy would be provided under the EPSDT program by July 1, 2017. Plaintiffs argue that defendants have offered nothing to show why there has been now been additional delay, and even now, in March of 2018, cannot even offer a date by which ABA therapy under the EPSDT program might be made available.[55] Plaintiffs contend that defendants are basically arguing that CMS has told them that they can delay implementing ABA therapy under the EPSDT program indefinitely and that there is nothing they, or the court, can do to speed up the regulatory process. But, plaintiffs argue that this court is not powerless to make defendants comply with federal law, which, plaintiffs argue it is undisputed defendants are not doing.

In light of the foregoing, the court cannot decide reasonableness in this case on a motion for summary judgment. A rational fact finder could just as easily decide that defendants have not violated the reasonable promptness provision as it could decide that defendants, as of the date of this order, have violated that provision. While it may have once been reasonable for defendants to rely on the guidance they were receiving from CMS, defendants are now arguing that CMS has told them they can take as long as they want to begin providing ABA therapy under the EPSDT program. If that were established, such would not be consistent with the statutory requirement that EPSDT be provided with reasonable promptness. A rational fact finder could conclude that defendants have failed to provide ABA therapy under the EPSDT program with reasonable promptness. Defendants

---

[55]See Joint Status Report at 2, Docket No. 45.

have known since July 2014 that they needed to begin providing ABA therapy under the EPSDT program and it is now March 2018 and they are still not doing so. While they argue that the regulatory process cannot be sped up, it is worth noting that the Medicaid regulations provide that a state agency must "[f]urnish Medicaid promptly to beneficiaries without any delay caused by the agency's administrative procedures[.]" 42 C.F.R. § 435.930(a).

Defendants are not entitled to summary judgment on plaintiffs' § 1983 claim that they have been deprived of their right to have ABA therapy under the EPSDT program be provided with reasonable promptness. As for plaintiffs' other two claims, which relate to notice about the availability of ABA therapy under the EPSDT program and reimbursement for ABA therapy, if defendants are not entitled to summary judgment on the reasonable promptness claim, which they are not, defendants are not entitled to summary judgment on these claims either.

As for plaintiffs' motion for partial summary judgment, plaintiffs only ask the court to decide whether CMS has the authority to allow defendants to delay or deny providing ABA therapy under the EPSDT program and whether CMS has exercised that authority. Plaintiffs are entitled to summary judgment that CMS cannot authorize defendants to deny providing ABA therapy under the EPSDT program, but plaintiffs are not entitled to summary judgment as to whether CMS can authorize a delay. As for whether CMS has actually authorized a delay, CMS has asked defendants to submit the amendments to the Waivers and the Medicaid State Plan at the same time. That request could be viewed as CMS authorizing

a delay.  However, that request does not necessarily mean that defendants could not be violating the reasonable promptness provision, given that CMS has also directed defendants, along with all other states, to begin providing ABA therapy under the EPSDT program as expeditiously as possible.

## Conclusion

Defendants' motion for summary judgment is denied.  Plaintiffs' cross-motion for partial summary judgment is granted in part and denied in part.  Plaintiffs are entitled to summary judgment that CMS cannot authorize defendants to deny providing ABA therapy under the EPSDT program.  Plaintiffs' cross-motion is otherwise denied.

DATED at Anchorage, Alaska, this 28th day of March, 2018.

/s/ H. Russel Holland
United States District Judge